IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROYAL LEE WARE<br>(TDCJ No. 650695),<br><br>        Plaintiff,<br><br>V.<br><br>DALLAS SHERIFF DEPARTMENT,<br>ET AL.,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:13-cv-4698-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

Royal Lee Ware, a Texas prisoner proceeding *pro se*, brings this civil rights action alleging that he was denied medical care for an injury suffered during a slip and fall at the Dallas County Jail.

On November 21, 2013 Plaintiff tendered a civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information that Plaintiff provided in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted Plaintiff leave to proceed *in forma*

*pauperis* and allowed the complaint to be filed. The Court entered a Notice of Deficiency and Order directing Plaintiff to file a signed amended complaint using the Court's prisoner civil rights form.

Plaintiff filed his amended complaint on December 13, 2013. The Court then sent written interrogatories to Plaintiff to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on January 14, 2014.

Plaintiff alleges that, on March 12, 1013, while confined in the Dallas County Jail, he slipped in a puddle of water on the bathroom floor and fell on a faucet fracturing his left eye socket. *See* Dkt. No.7 at 4. He claims that he was denied medical care for the injury when jail officials failed to respond for 90 minutes. *See id.* Plaintiff states that he suffers impaired vision as a result of the injury. *See id.* He seeks monetary damages in the amount of $500,000.00. *See* Dkt. No. 9 at 2.

The undersigned now concludes that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2) and for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the

elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Plaintiff's medical care claim should be dismissed. This claim is governed by the deliberate indifference standard of the Eighth Amendment to the United States Constitution. To establish a constitutional violation, a plaintiff must show "deliberate indifference" to his "serious medical needs," constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citation omitted). This, in turn, requires proof that the jail staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). Delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does a disagreement with medical treatment constitute deliberate indifference. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see also Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."). Rather, a plaintiff must show that the jail staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff alleges that, after he slipped, fell, and broke his left eye socket, it was 90 minutes after he pushed an emergency button before help arrived. *See* Dkt. No.7 at 4; Dkt. No. 9 at Question No. 3. But Plaintiff concedes that there were two officers making rounds who found him and immediately took him to the infirmary. *See* Dkt. No. 9 at Question No. 4. When he arrived at the infirmary, Plaintiff was "rushed to the emergency room at Parkland Hospital and surgery was performed on [his] left eye." *Id.*

Even liberally construed, Plaintiff's allegations fail to state a claim for deliberate indifference to his need for medical care. At most, Plaintiff has shown a brief delay in providing medical care and the referral to the hospital. Absent a showing of substantial harm resulting from the delay, Plaintiff cannot prevail. Although he claims to suffer impaired vision as a result of the injury to his eye, Plaintiff makes no claim that the impairment resulted from a delay in treatment. *See, e.g., Fenlon v. Quarterman*, 350 F. App'x 931, 934, 2009 WL 3444778, at *2 (5th Cir. Oct. 26, 2009) ("Brief delays in receiving pain medication and medical care do not give rise to claims of a constitutional dimension, either."). Although he claims that prison guards did nothing to help for 90 minutes, Plaintiff concedes that he "received immediate surgery as a result of physical injury." *See* Dkt. No. 9 at Question No. 6.

To the extent that Plaintiff's complaint is grounded in negligence, *see* Dkt. No. 9 at Question Nos. 1 & 3, relief is unavailable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (unsuccessful medical treatment, negligence, or neglect does not rise to the level of a constitutional violation).

But Plaintiff perhaps could have a basis for recovery on a claim of negligence that could be addressed under state substantive law. Therefore, the Court should consider whether it has jurisdiction to entertain Plaintiff's negligence claims under Texas state law.

"[S]ubject-matter jurisdiction is not waivable, and the federal courts are under a continuing duty to inquire into the basis of jurisdiction in the district court." *Warren v. U.S.*, 874 F.2d 280, 281-82 (5th Cir. 1989) (citing *Smith v. Booth*, 823 F.2d 94, 96 (5th Cir. 1987)). "'[T]he District Court is vested with authority to inquire at any time whether the [ ] conditions [to the exercise of its jurisdiction] have been met.'" *Broussard v. U.S.*, 989 F.2d 171, 176 (5th Cir. 1993) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). When a complaint presents no federal question, 28 U.S.C. § 1332(a) requires complete diversity of citizenship and $75,000 in controversy to invoke the jurisdiction of a federal court. From the face of Plaintiff's pleadings, it is apparent that he and Defendants are all citizens of Texas. *See* Dkt. No. 7 at 1, 4; Dkt. No. 9 at Question Nos. 3 & 4. Because there is no diversity of citizenship, Plaintiff's complaint, construed as a diversity action, should be dismissed for lack of jurisdiction.

**Recommendation**

The Court should summarily dismiss Plaintiff's civil rights claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

The Court should liberally construed Plaintiff's allegations of negligence as a diversity action raising state law claims and dismiss those claims without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 13, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE